IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DION A. SULLIVAN,<br>　　3010 Wisconsin Avenue N.W., # D-6<br>　　Washington, D.C. 20016 | ) ) ) ) | Case No.<br><br>**COMPLAINT** |
| 　　　　Plaintiff, | ) ) | |
| 　　　　v. | ) ) | |
| JAMES CULP,<br>　serve: Metropolitan Police Department<br>　　　2nd District Station<br>　　　3320 Idaho Avenue, N.W.<br>　　　Washington, D.C. 20016 | ) ) ) ) ) ) | |
| PATRICK MILLER,<br>　serve: Metropolitan Police Department<br>　　　2nd District Station<br>　　　3320 Idaho Avenue, N.W.<br>　　　Washington, D.C. 20016 | ) ) ) ) ) ) | |
| 　　　　and | ) ) | |
| DISTRICT OF COLUMBIA,<br>　serve:　Mayor Anthony Williams<br>　　　　c/o Office of Corporation Counsel<br>　　　　1 Judiciary Square<br>　　　　441 4th Street, N.W., 6th Fl. South<br>　　　　Washington, D.C. 20001 | ) ) ) ) ) ) ) | |
| 　　　　Defendants. | ) ) | |

**COMPLAINT**

**COMES NOW** the Plaintiff, Dion A. Sullivan, by and through undersigned counsel, and complains of the defendants as follows:

## THE PARTIES

1. Plaintiff Dion A. Sullivan is a natural person and a citizen of the United States and of the District of Columbia.

2. Defendant James Culp is and was at all times relevant to the complaint a natural person and a police officer employed by defendant District of Columbia. Defendant Culp is sued in his individual capacity to the extent he is sued for violating federal civil rights laws and in his individual and official capacities to the extent he is sued in tort.

3. Defendant Patrick Miller is and was at all times relevant to the complaint a natural person and a police officer employed by defendant District of Columbia. Defendant Miller is sued in his individual capacity to the extent he is sued for violating federal civil rights laws and in his individual and official capacities to the extent he is sued in tort.

4. The District of Columbia is a municipal entity organized under the Constitution and laws of the United States.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. §§ 1983 and 1985.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

7. On or about March 23, 2002, defendants Culp and Miller visited plaintiff's home at 3010 Wisconsin Avenue, N.W., within the District of Columbia, to allegedly investigate a noise complaint. Plaintiff admitted defendants into his apartment building, and the officers proceeded to plaintiff's apartment, unit D-6.

8. Plaintiff voluntarily opened his apartment door for the officers. The officers informed plaintiff they came in response to a noise complaint, and would not issue him a noise citation unless they had to return.

9. Plaintiff identified himself as an attorney, and asked the officers how he would know if he were in violation of the noise ordinance.

10. The officers did not answer plaintiff's question, appeared irritated, and started issuing a noise citation. One of the defendant officers then asked plaintiff to give the color of his eyes. Plaintiff asked to know why that information was necessary, but the only response he received was the bright beam of defendant Miller's flashlight aimed at his eyes from just in front of his face.

11. Plaintiff recoiled from the flashlight, at which point, without warning, the officers pushed in to plaintiff's apartment and defendant Miller tackled plaintiff. Defendants Culp and Miller proceeded to assault and batter the plaintiff in full view of plaintiff's guests. The defendant officers then ordered plaintiff's guests to leave the apartment.

12. The officers arrested plaintiff for allegedly assaulting a police officer. At no time did plaintiff ever assault or even manage to resist the officers' beating. In justifying the arrest, defendant Miller filed a false arrest report recounting, among other falsehoods, that plaintiff had used profanity, struck defendant Culp, and resisted the officers. Plaintiff was also issued a citation for alleged violation of the District of Columbia's noise ordinance.

13. After arresting plaintiff, the officers ransacked plaintiff's apartment, including his law office.

14.     Plaintiff was released from jail when the United States Attorney declined to prosecute him.  Subsequently, plaintiff successfully moved the Superior Court to expunge and seal the record of his arrest.  The United States Attorney's Office prepared an order for the Superior Court, which finds, by clear and convincing evidence, that plaintiff did not commit the crime of which he was accused by defendants Culp and Miller.

15.     Defendants Culp and Miller acted in a wanton, cruel, malicious, oppressive and unjust manner in reckless disregard for Mr. Sullivan's rights such that punitive and exemplary damages are appropriate.

16.     On September 17, 2002, plaintiff fully complied with the requirements of D.C. Code § 12-309 by presenting his claim to the Mayor of the District of Columbia.

**FIRST CAUSE OF ACTION
UNREASONABLE SEIZURE AND FALSE IMPRISONMENT
U.S. CONST., AMEND. IV, 42 U.S.C. § 1983
AGAINST DEFENDANTS CULP AND MILLER**

17.     Paragraphs 1 though 16 are incorporated as though fully stated herein.

18.     Defendants Culp and Miller's arrest and imprisonment of plaintiff were unreasonable in violation of plaintiff's rights under the Fourth Amendment to the United States Constitution, in that defendants lacked probable cause to arrest plaintiff and used excessive force against plaintiff.  Defendants thereby violated 42 U.S.C. § 1983.

19.     As a direct cause of defendants' violations of plaintiff's Fourth Amendment rights, plaintiff suffered physical injuries, a loss of his liberty and associated mental anguish, shame and humiliation, and possibly other injuries and damages to an extent the extent of which are not fully known at this time.

## SECOND CAUSE OF ACTION
## FALSE ARREST
## AGAINST ALL DEFENDANTS

20.     Paragraphs 1 though 19 are incorporated as though fully stated herein.

21.     Plaintiff was deprived of his personal liberty and freedom by actual force, and by fear of force, and by the words of defendants Culp and/or Miller such that plaintiff had a reasonable apprehension that he was confined.

22.     Defendants Culp and Miller lacked probable cause or any good faith or reasonable belief that their conduct was lawful in arresting plaintiff such that their actions constituted a false arrest under the laws of the District of Columbia.

23.     As a direct cause of defendants Culp and Miller's false arrest of plaintiff, plaintiff suffered a loss of his liberty and associated mental anguish, shame and humiliation, and possibly other injuries and damages to an extent the extent of which are not fully known at this time.

24.     Defendant District of Columbia is liable for defendants Culp and Miller's conduct in falsely arresting plaintiff under the doctrine of respondeat superior.

## THIRD CAUSE OF ACTION
## ASSAULT AND BATTERY
## AGAINST ALL DEFENDANTS

25.     Paragraphs 1 though 24 are incorporated as though fully stated herein.

26.     Defendants Culp and Miller's conduct, as aforesaid, constituted an assault and battery upon the plaintiff, in that plaintiff was intentionally placed in imminent apprehension of harmful and offensive conduct and was in fact intentionally battered without consent.

27. Defendant District of Columbia is liable for defendants Culp and Miller's conduct in falsely arresting plaintiff under the doctrine of respondeat superior.

28. As a direct cause of defendants' assault and battery of plaintiff, plaintiff suffered physical injuries, a loss of his liberty and associated mental anguish, shame and humiliation, and possibly other injuries and damages to an extent the extent of which are not fully known at this time.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

29. Paragraphs 1 though 28 are incorporated as though fully stated herein.

30. Defendants Culp and Miller's conduct was extreme and outrageous, and intentionally or recklessly caused the plaintiff severe emotional distress.

31. The conduct of defendants Culp and Miller was so outrageous in character, and so extreme in degree, as to have exceeded all possible bounds of decency, and is to be regarded as atrocious, and utterly intolerable in a civilized community.

32. Defendant District of Columbia is liable for defendants Culp and Miller's conduct under the doctrine of respondeat superior.

33. As a direct cause of defendants' conduct, plaintiff suffered physical injuries, a loss of his liberty and associated mental anguish, shame and humiliation, and possibly other injuries and damages to an extent the extent of which are not fully known at this time.

## FIFTH CAUSE OF ACTION
## MALICIOUS PROSECUTION
## AGAINST ALL DEFENDANTS

34. Paragraphs 1 though 33 are incorporated as though fully stated herein.

35. Defendants Culp and Miller maliciously caused a criminal action to be instituted against plaintiff without probable cause, causing and in furtherance of plaintiff's imprisonment. Said action terminated in plaintiff's favor under circumstances tending to indicate plaintiff's innocence.

36. Defendant District of Columbia is liable for defendants Culp and Miller's conduct in maliciously prosecuting plaintiff under the doctrine of respondeat superior.

### SIXTH CAUSE OF ACTION
### TRESPASS
### AGAINST ALL DEFENDANTS

37. Paragraphs 1 though 36 are incorporated as though fully stated herein.

38. Defendants Culp and Miller unlawfully, intentionally, and without plaintiff's consent trespassed upon plaintiff's property, causing damages to plaintiff.

39. Defendant District of Columbia is liable for defendants Culp and Miller's trespass under the doctrine of respondeat superior.

### SEVENTH CAUSE OF ACTION
### UNREASONABLE SEIZURE AND FALSE IMPRISONMENT
### U.S. CONST., AMEND. IV, 42 U.S.C. § 1983
### AGAINST DEFENDANT DISTRICT OF COLUMBIA

40. Paragraphs 1 though 39 are incorporated as though fully stated herein.

41. Defendants Culp and Miller falsely arrested and assaulted plaintiff pursuant to a custom, policy, pattern, and practice of the District of Columbia whereby police officers routinely falsely accuse and arrest members of the public for having assaulted or disobeyed a police officer as a means of intimidation and/or furthering the officers' personal gratification. Such custom, policy, pattern, and practice of the District of Columbia constitutes a violation of

the Fourth Amendment to the United States Constitution and is thus violative of 42 U.S.C. § 1983.

42. As a direct cause of defendant's violation of plaintiff's Fourth Amendment rights, plaintiff suffered physical injuries, a loss of his liberty and associated mental anguish, shame and humiliation, and possibly other injuries and damages to an extent the extent of which are not fully known at this time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dion A. Sullivan requests that judgment be entered in his favor and against defendants as follows:

ON THE FIRST CAUSE OF ACTION:

1. Compensatory damages in an amount according to proof at trial;

2. Punitive damages in an amount according to proof at trial;

3. Attorney Fees and Costs pursuant to 42 U.S.C. § 1988;

ON THE SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION:

4. Compensatory damages in an amount according to proof at trial;

5. Punitive damages in an amount according to proof at trial against defendants Culp and Miller;

ON THE SEVENTH CAUSE OF ACTION:

6. Compensatory damages in an amount according to proof at trial;

7. Injunctive relief directing the District of Columbia to take concrete, verifiable measures to train its police officers that the conduct complained of is illegal; to terminate the employment of police officers who engage, enable, or fail to report such conduct; and to

actively monitor the behavior of its officers toward the end of eliminating the practice complained of.

8. Attorney Fees and Costs pursuant to 42 U.S.C. § 1988;

ON ALL CAUSES OF ACTION:

9. Pre- and post- judgment interest pursuant to statute;

10. Costs of suit; and

11. Any other further relief as the Court deems just and appropriate.

PLAINTIFF REQUESTS TRIAL BY JURY.

Dated: November 1, 2002

                                          Respectfully Submitted,

                                          Alan Gura (D.C. Bar No. 453449)
                                          Alan Gura, PLLC
                                          1717 K Street, N.W., Suite 600
                                          Washington, D.C. 20036
                                          Phone: 202.550.8777
                                          Fax:   202.318.4512

By: _____
       Alan Gura

       Attorney for Plaintiff